# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROSE BLACK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 09-00807-CV-W-FJG |
| | ) |
| BAYER CROPSCIENCE, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 3) and Defendant's Motion to Dismiss Party on behalf of individual defendant Tim Williams (Doc. No. 5).

### I.    BACKGROUND

Plaintiff originally filed this cause of action in the Circuit Court of Jackson County on August 14, 2009. Defendants removed the action on October 1, 2009 on the basis of diversity jurisdiction. On October 5, 2009, plaintiff moved to remand the case to state court (Doc. No. 3). Defendants subsequently moved to dismiss party Tim Williams on October 8, 2009 (Doc. No. 5).

Plaintiff brought this action against Bayer CropScience LP ("Bayer"), Adecco Employment Services ("Adecco"), Tim Williams and Greg Dadds. Mr. Williams and Mr. Dadds were Bayer employees at all times relevant to this action. Plaintiff asserts discrimination claims under the Missouri Human Rights Act ("MHRA"), alleging

defendants discriminated against her on the basis of her race, sex, and in retaliation for her objections and complaints regarding the alleged discriminatory acts.[1]

Plaintiff is a temporary employee of defendant Adecco and was assigned to work in defendant Bayer's facility, where the alleged discriminatory acts took place. Plaintiff is a resident of Missouri. Bayer is a limited partnership organized pursuant to the laws of the state of Delaware, with its principal place of business in North Carolina. Adecco is also a foreign corporation chartered to do business in the state of Missouri.[2] Defendant Tim Williams is resident of the state of Missouri, and defendant Dadds remains unserved.

Plaintiff argues that diversity jurisdiction is lacking and a remand is required because defendant Williams is a Missouri resident. Defendants argue that Williams' citizenship must be disregarded because he was fraudulently joined in this action to defeat diversity jurisdiction.

**II.     STANDARD**

In Filla v. Norfolk Southern Railway Company, 336 F.3d 806 (8th Cir. 2003), the Court articulated the standard for determining whether a party has been fraudulently joined:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. [I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. . . .However, if there is a "colorable" cause of action - that is, if the state law

---

[1] The Court notes plaintiff's Petition ¶¶ 7, 8, states claims for racial discrimination and retaliation (Doc. No. 1-2), whereas in the Charge of Discrimination filed with the Missouri Commission on Human Rights, (Doc. No. 1-2A) Rose Black identified discrimination based sex and retaliation.

[2] The place of incorporation and principal place of business is unspecified in the pleadings.

2

*might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. . . . As we recently stated in Wiles [v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002)], joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

Id. at 810 (internal citations and quotations omitted).

In Barnes v. Dolgencorp, Inc., No. 06-0632-CV-W-ODS, 2006 WL 2664443, (W.D.Mo. Sept. 14, 2006), the Court stated:

In conducting this inquiry, the Court must resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor, but the Court has no responsibility to *definitively* settle the ambiguous question of state law. . . . Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant. . . . Where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide. . . . Finally, the party seeking removal and opposing remand has the burden of demonstrating that federal jurisdiction exists.

Id. at *1 (internal citations and quotations omitted.

### III. DISCUSSION

Defendants argue the Motion to Remand should be denied because (1) plaintiff did not exhaust administrative remedies against Williams, and (2) Williams was not plaintiff's employer.

#### A. Failure to Exhaust Administrative Remedies

In order to file a claim under the MHRA, a plaintiff must first exhaust her administrative remedies by timely filing an administrative charge with the Missouri Commission on Human Rights ("MCHR"). Defendants state that failure to name an individual as a respondent in the Administrative Complaint, even if they are identified in

3

the charge, could result in civil claims against that individual being dismissed. Eckerman v. KMBC-TV, Case No. 4:08CV994DGK, Doc. No. 69, p. 3 (W.D.Mo. July 17, 2009). Defendants argue that Bayer and Adecco were the only named respondents in the Charges filed with the MCHR and the Equal Employment Opportunity Commission ("EEOC"). Consequently, the MCHR issued a Notice of Right to Sue on May 19, 2009, which did not identify Williams as a respondent.

Courts in this jurisdiction have considered cases involving similar circumstances. In Adamson v. Durham D&M, LLC et al., No. 09-523-CV-W-ODS, (W.D.Mo. July 15, 2009), plaintiff sought remand arguing that the case had been improperly removed from state court. Defendants argued that the individual defendants were fraudulently joined because one of the defendants has not been named in the administrative charge, the allegations were insufficient to support a claim against the individual defendant and the facts demonstrated that one of the individuals is entitled to judgment as a matter of law. However, the Court disagreed, stating:

> Defendants do not contend the MHRA precludes claims against individuals; instead, they contend Plaintiff cannot maintain his particular claims against these particular individuals. In large measure, the inquiry Defendants call for is closely allied with the merits, and to that extent cannot be decided in this context. The Court cannot decide defendants are entitled to judgment based on facts or law, then disregard its jurisdiction to decide the case - doing so risks placing the proverbial cart before the horse. The Court's inquiry is limited, as explained in Filla [v. Norfolk S. Ry.Co., 336 F.3d 806, 810 (8th Cir. 2003)], to determining whether the law or facts are *clear* - an unusual circumstance that does not apply in the run-of-the-mill situation. This high standard is not met here.

Id. at pg. 3; see also Johnson v. Durham D & M LLC, No. 09-CV-0502-W-HFS, 2009 WL 2581265 (W.D.Mo. Aug. 19, 2009) (remanding claim under MHRA where defendant alleged fraudulent joinder to defeat diversity jurisdiction).

4

Based on the allegations set forth in plaintiff's Petition (Doc. No. 1-2, ¶¶ 15, 19, 20 and 24), the facts are not clear that Williams is entitled to judgment as a matter of law. There are circumstances under which the case can proceed against Williams even though he was not named in the Charge. See Hill v. Ford Motor Co., 277 S.W.3d 659 (Mo. banc 2009) (explaining circumstances under which a discrimination claim against an individual may proceed despite failure to join individual in initial charge.) Thus, "there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant," and the action should be remanded on these grounds. Filla, 336 F.3d at 810.

### B.     Williams Was Not Plaintiff's Employer

Defendants argue Williams cannot be held liable as plaintiff's "employer" because Williams and Plaintiff are not, and have not been, employed by the same company. Williams was an employee of Bayer and plaintiff was employed by Adecco; thus, Williams is not an "employer" within the meaning of the MHRA. Defendants further argue that plaintiff's factual allegations against Williams do not meet the pleading requirements of Bell Atlantic Corp v. Twombly, under which allegations "must be enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007).

Plaintiff responds that Williams was a supervisory employee for Bayer, and that the "MHRA is intended to reach not just to corporate or public employees but any person acting directly in the interest of the employer." Hill, 277 S.W.3d at 669 (Mo. banc 2009).

In Filla, the Court stated, "[w]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to

5

decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" Id. at 811 (quoting Iowa Pub. Serv. Co.[v. Medicine Bow Coal Co., 556 F.2d 400,406 (8th Cir. 1977)]). Accordingly, the Court finds that the state court will be in a better position to resolve the issue of whether Williams may be considered an "employer" within the MHRA, and determine whether plaintiff's factual pleadings are sufficient.

## IV. CONCLUSION

The Court here by **GRANTS** plaintiff's Motion to Remand (Doc. No. 3) and **DENIES AS MOOT** Defendant's Motion to Dismiss Party Tim Williams (Doc. No. 5). This case is hereby **REMANDED** to the Circuit Court of Jackson County, Missouri at Kansas City. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri at Kansas City as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED**.

Date: 12/23/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge